IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CAROLINA PEDRAZZI**
Via delle Camelie 4
Milan, MI, 20147
Italy

      Plaintiff,

  v.

**UNITED STATES DEPARTMENT OF DEFENSE**
1400 Defense Pentagon
Washington, D.C. 20301

    and

**UNITED STATES CENTRAL COMMAND**
7115 South Boundary Boulevard
MacDill Air Force Base, FL 33621-5101

      Defendants.

Civil Action No. _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Carolina Pedrazzi ("Plaintiff" or "Pedrazzi"), by and through her undersigned counsel, hereby allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief brought by Carolina Pedrazzi against the United States Department of Defense ("DoD") and United States Central Command ("CENTCOM") (together, "Defendants").

1

2. By this action, Ms. Pedrazzi seeks to compel Defendants to comply with their obligations under FOIA, including by promptly releasing the documents she requested pertaining to civilian harm resulting from United States military operations. Plaintiff is statutorily entitled to disclosure of the requested records, which Defendants are withholding in violation of the Act.

## PARTIES

3. Plaintiff Carolina Pedrazzi is an investigative multimedia journalist based in Italy. Ms. Pedrazzi is currently reporting on the civilian impact of the U.S. air campaign in Yemen termed "Operation Rough Rider."

4. Defendant Department of Defense is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks. DoD's headquarters is located in Arlington, Virginia, with a mailing address in Washington, D.C.

5. Defendant United States Central Command is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks. CENTCOM's headquarters is located at MacDill Air Force Base in Florida.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

### Plaintiff's FOIA Request

8. On June 2, 2025, Ms. Pedrazzi submitted a FOIA request to CENTCOM via email (the "Request"). A true and correct copy of the Request is attached hereto as **Exhibit A** and is incorporated by reference.

9. The Request sought:

- copies of civilian casualty assessment records (including Credibility Assessments, Closure Reports, Commander-Directed/ AR-Investigations, First Impression Reports or other assessment records) relating to alleged civilian harm or harm to civilian infrastructure from airstrike and other combat operations under USCENTCOM's Operation Rough Rider in Yemen, from March 15, 2025, to May 6, 2025; and

- all enclosures, exhibits and attachments within these records, including but not limited to the following: Collateral Damage Estimates, After-Action Reviews (AARs), Civilian Harm Mitigation Reports, Battle Damage Assessments (BDAs) that include civilian harm components, Post-Strike Assessments, Target Validation Reports, and Intelligence, Surveillance, and Reconnaissance (ISR) Assessments, legal reviews, mIRC logs or other chat and internet relaying message logs, solatia assessments, emails, photos, post-strike imagery, screenshots, still image captures, and other images.

Ex. A.

10. The Request identified Ms. Pedrazzi as a representative of the news media and sought a fee waiver. Ex. A.

11. The Request also sought expedited processing. Ex. A.

12. By letter dated June 3, 2025, CENTCOM acknowledged receipt of the Request, assigning it FOIA case number 25-0182. A true and correct copy of CENTCOM's acknowledgement letter is attached hereto as **Exhibit B**.

13. CENTCOM's June 3, 2025 letter granted Ms. Pedrazzi's request for a fee waiver but denied the request for expedited processing. *See id.*

14. On June 10, 2025, Ms. Pedrazzi filed an administrative appeal of the denial of her request for expedited processing. A true and correct copy of Ms. Pedrazzi's administrative appeal letter is attached hereto as **Exhibit C** and is incorporated by reference.

15. On June 11, 2025, DoD acknowledged receipt of Ms. Pedrazzi's administrative appeal via email, assigning it appeal tracking number 25-AC-0045-A1. A true and correct copy of OATSD's acknowledgment email is attached hereto as **Exhibit D**.

Current Status of Plaintiff's Request

16. As of the filing of this Complaint, Plaintiff has received no further communication from Defendants regarding the Request.

17. As of the filing of this Complaint, Plaintiff has not received a determination from Defendants regarding the Request.

18. As of the filing of this Complaint, Plaintiff has received no further communication from Defendants regarding her administrative appeal.

19. As of the filing of this Complaint, Plaintiff has not received any records from Defendants responsive to the Request.

20. As of the filing of this Complaint, it has been approximately 63 calendar says and 42 working days since the Request was submitted.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF FOIA
### FOR UNLAWFUL WITHHOLDING OF AGENCY RECORDS

21. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing paragraphs.

22. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

23. The Request properly seeks records under FOIA that are within the possession, custody, and/or control of Defendants.

24. The Request complied with all applicable regulations regarding the submission of FOIA requests.

25. Defendants have not released any records or portions thereof in response to the Request.

26. Defendants have not cited any exemptions to withhold records or portions thereof that are responsive to the Request.

27. Defendants have not identified how it is reasonably foreseeable that disclosure of each of the records or portions thereof sought by the Request would harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A).

28. Records responsive to the Request are required to be released under FOIA.

29. Defendants have failed to make the records "promptly available" in violation of FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

30. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(C)(i).

### COUNT II: VIOLATION OF FOIA
### FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES

31. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs.

32. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

33. The Request properly seeks records under FOIA that are within the possession, custody, and/or control of Defendants.

34. The Request complied with all applicable regulations regarding the submission of FOIA requests.

35. Defendants failed to make a determination regarding the Request within the statutory deadlines required by FOIA. 5 U.S.C. § 552(a)(6)(A).

36. Defendants' failure to make a determination with respect to the Request within FOIA's statutory deadlines violates their obligations under FOIA. 5 U.S.C. § 552(a)(6)(A).

37. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(C)(i).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

(1) Order Defendants to conduct a search reasonably calculated to identify all records responsive to Plaintiff's Request and to immediately disclose, in their entirety, all records responsive to Plaintiff's Request that are not specifically exempt from disclosure under FOIA;

(2) Order Defendants to promptly produce all records responsive to the Request;

(3) Enjoin Defendants from withholding all records or portions thereof responsive to the Request that may not be withheld under FOIA;

(4) Issue a declaration that Plaintiff is entitled to the prompt disclosure of the requested records;

(5) Issue a declaration that Defendants' failure to provide a timely determination in response to the Request violates its obligations under FOIA;

(6) Award Plaintiff reasonable attorney fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(7) Grant such other relief as the Court may deem just and proper.

Dated: August 4, 2025

                                          Respectfully submitted,

                                          */s/ Adam A. Marshall*
                                            Adam A. Marshall
                                            DC Bar No. 1029423

Email: amarshall@rcfp.org
Gunita Singh
D.C. Bar No. 1601923
Email: gsingh@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9303
Facsimile: 202.795.9310

*Counsel for Plaintiff*